Ventures Trust 2013-1-H-R by MCM Capital Partners, LLC v Zaks (2020 NY Slip Op 03262)





Ventures Trust 2013-1-H-R by MCM Capital Partners, LLC v Zaks


2020 NY Slip Op 03262


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-01336
 (Index No. 1216/09)

[*1]Ventures Trust 2013-1-H-R by MCM Capital Partners, LLC, etc., appellant, 
v
Aryeh Zaks, respondent, et al., defendants.


Druckman Law Group, PLLC, Westbury, NY (Maria Sideris of counsel), for appellant.
Phillip J. Murphy, New City, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen), dated June 16, 2017. The order, insofar as appealed from, upon reargument, vacated a prior order of the same court (Victor J. Alfieri, J.) dated October 7, 2016, granting the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Aryeh Zaks, and thereupon denied that motion.
ORDERED that the order dated June 16, 2017, is affirmed insofar as appealed from, with costs.
On August 2, 2007, the defendant Aryeh Zaks (hereinafter the defendant) executed a note in favor of Sterling Empire Funding Associates, Ltd. The note was secured by a mortgage on residential property located in Monsey. On September 8, 2008, the mortgage was assigned to Countrywide Bank, FSB (hereinafter Countrywide).
On February 11, 2009, Countrywide commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. On November 25, 2014, during the pendency of the action, the mortgage was assigned to Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC (hereinafter the plaintiff). In June 2016, Countrywide moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and pursuant to CPLR 1018 to substitute the plaintiff in its place (hereinafter the June 2016 motion). In an order dated October 7, 2016 (hereinafter the October 2016 order), the Supreme Court granted Countrywide's motion.
Thereafter, the defendant moved, in effect, for leave to reargue his opposition to the June 2016 motion. In an order dated June 16, 2017, the Supreme Court granted leave to reargue and, upon reargument, among other things, vacated the October 2016 order and denied the June 2016 motion, determining that Countrywide had failed to establish its standing to commence the action.
We agree with the Supreme Court's determination, upon reargument, that Countrywide failed to establish, prima facie, that it had standing to commence this action, as it failed to establish that it had possession of the note at the time of commencement. In support of its motion, Countrywide submitted the affidavits of Paul Johannsson and Gloria Ann Beatty. Johannsson, an Assistant Vice President of BSI Financial Services (hereinafter BSI), servicer and attorney-in-fact for the plaintiff, attested that he had personal knowledge of BSI's record-keeping practices. Johannssen asserted that Countrywide was the holder of the note prior to and at the time of the commencement of the action, and based this statement on his reference to Beatty's affidavit. Beatty, an officer of Bank of America, N.A. (hereinafter BANA), asserted that BANA acquired Countrywide on April 27, 2009, which was after this action was commenced. She attested that she has personal knowledge of BANA's procedures for creating and maintaining the business records maintained in connection with the subject loan. Beatty averred that based upon her review of BANA's records, Countrywide received the original note on or about August 16, 2007. While Beatty attested that she had personal knowledge of BANA's record-keeping practices, she did not state that she had personal knowledge of Countrywide's record-keeping practices and procedures, or that Countrywide's records were provided to BANA and incorporated into BANA's own records, or that BANA routinely relied on such records in its business. Thus, she failed to lay the proper foundation for the admission of the records relied upon (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782-783). Moreover, we note that Countrywide failed to submit evidence of its merger with BANA and Beatty did not aver that she had personal knowledge of said merger (see generally CitiMortgage, Inc. v Osorio, 174 AD3d 496, 499).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court