Rochdale Ins. Co. v Fairview Nursing Care Ctr., Inc. (2020 NY Slip Op 04982)





Rochdale Ins. Co. v Fairview Nursing Care Ctr., Inc.


2020 NY Slip Op 04982


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-02327
 (Index No. 701629/18)

[*1]Rochdale Insurance Company, etc., respondent,
v
Fairview Nursing Care Center, Inc., et al., appellants.


Caitlin Robin & Associates, PLLC, New York, NY (Arjeta Albani of counsel), for appellants.
Marschhausen & Fitzpatrick, P.C., Hicksville, NY (Kevin P. Fitzpatrick of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 26, 2018. The order denied the defendants' motion pursuant to CPLR 5015 to vacate an order of the same court entered August 28, 2018, granting the plaintiff's motion for leave to enter a default judgment.
ORDERED that the order entered December 26, 2018, is affirmed, with costs.
The plaintiff, Rochdale Insurance Company (hereinafter Rochdale), as assignee of Marva Corwise (hereinafter the insured), commenced this action against the defendants alleging that the insured was injured at a location operated by the defendants and, as assignee, Rochdale seeks to recover damages for the injuries and economic losses suffered by the insured. The defendants failed to timely appear or file an answer. In an order entered August 28, 2018 (hereinafter the August 28, 2018 order), the Supreme Court granted a motion by the plaintiff for leave to enter a default judgment on the issue of liability against the defendants.
Thereafter, the defendants moved pursuant to CPLR 5015 to vacate the August 28, 2018 order. The Supreme Court denied the motion, and the defendants appeal.
To vacate an order on the ground of excusable default pursuant to CPLR 5015(a)(1), a defendant is required to demonstrate both a reasonable excuse for its default and the existence of a potentially meritorious defense to the action (see CPLR 5015[a][1]; Kaung Hea Lee v 354 Mgt., Inc., 166 AD3d 747, 748). Here, we agree with the Supreme Court's determination denying the motion to vacate as the bare allegation by the defendants' attorney that the delay was caused by the defendants' insurance carrier is insufficient to excuse the delay in answering the complaint (see Campbell v Ghafoor, 8 AD3d 316, 317; Kaplinsky v Mazor, 307 AD2d 916, 916). Accordingly, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Kim v S & M Caterers, Inc., 112 AD3d 581, 581; Maida v Lessing's Rest. Servs., Inc., 80 AD3d 732, 733).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court