Deutsche Bank Natl. Trust Co. v Amoah (2020 NY Slip Op 06242)





Deutsche Bank Natl. Trust Co. v Amoah


2020 NY Slip Op 06242


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-03804
 (Index No. 24547/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
John P. Amoah, et al., defendants; Avenue K NY Corp., intervenor-appellant.


The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for intervenor-appellant.
Blank Rome LLP, New York, NY (Diana M. Eng and Andrea M. Roberts of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Avenue K NY Corp., appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 16, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for a default judgment against the intervenor, Avenue K NY Corp., and an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 6, 2007, the defendant John P. Amoah executed a note in favor of SMI Mortgage, Inc. (hereinafter SMI), in the principal sum of $486,000. The note was secured by a mortgage on certain real property located in Brooklyn. On November 1, 2017, the note and mortgage were transferred to the plaintiff, as trustee, pursuant to a pooling and servicing agreement between and among Saxon Asset Securities Company, SMI, and the plaintiff. Subsequently, the mortgage and note were assigned by Saxon Mortgage Services, Inc., doing business as SMI, to the plaintiff by assignment dated August 21, 2008.
On August 27, 2008, the plaintiff commenced this action by filing a summons and complaint alleging that Amoah defaulted on the note by failing to make the payment due on March 1, 2008, and subsequent installments thereafter. On August 27, 2008, a notice of pendency also was filed against the subject property. Amoah did not answer the complaint. On November 6, 2008, Amoah deeded the property to nonparty Cards 1105 Corp., which subsequently deeded the property to the appellant, Avenue K NY Corp. (hereinafter Avenue K). By order dated November 12, 2013, the Supreme Court dismissed the complaint as abandoned pursuant to CPLR 3215(c).
In 2017 the plaintiff moved to restore the action to the calendar and Avenue K cross-moved pursuant to CPLR 1018 to be substituted as the defendant instead of Amoah. By order dated July 13, 2017, the Supreme Court granted the plaintiff's motion to restore the action to the calendar and granted Avenue K's cross motion "only to [the] extent that movant Avenue K NY Corp. [was] granted leave to intervene" and was added to the caption.
On September 29, 2017, the plaintiff moved, inter alia, for a default judgment against Avenue K and for an order of reference. Avenue K opposed the motion. In an order dated January 16, 2018, the Supreme Court granted the plaintiff's motion.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141 [internal quotation marks omitted]; see CPLR 3215[f]; Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient evidence to enable a court to determine if the cause of action is viable, since 'defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d at 1141, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 899-900). "'Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party'" (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 900, quoting HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776). "'To successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action'" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185, quoting Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027).
In opposition to the plaintiff's facially adequate motion for leave to enter a default judgment and for an order of reference, Avenue K failed to demonstrate a reasonable excuse for its default in failing to timely serve an answer (see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1183; Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1026-1027). Avenue K's contention that it was not served with the order restoring the action to the calendar and granting it leave to intervene is improperly raised for the first time on appeal (see Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Avenue K's contention that it was entitled to file an answer to present defenses to the foreclosure action does not explain or provide a reasonable excuse for why it failed to do so. Therefore, it is unnecessary to determine whether it established a potentially meritorious defense (see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1886; Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1027).
Avenue K's remaining contentions are improperly raised for the first time on appeal (see Bethpage Fed. Credit Union v Grant, 178 AD3d at 998; U.S. Bank N.A. v Sheth, 177 AD3d at 1020).
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court