Rosenzweig v Gubner (2021 NY Slip Op 03342)





Rosenzweig v Gubner


2021 NY Slip Op 03342


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-12218
 (Index No. 522766/16)

[*1]Joel Rosenzweig, et al., appellants,
v
Simon Gubner, etc., et al., respondents.


Levi Huebner & Associates, P.C., Brooklyn, NY, for appellants.
Becker & Poliakoff LLP, New York, NY (Glenn H. Spiegel of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment and to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 26, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for leave to enter a default judgment on the issue of liability against the defendants, and granted those branches of the defendants' cross motion which were to extend their time to answer the complaint and pursuant to CPLR 3211(a)(7) to dismiss the cause of action to impose a constructive trust.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion for leave to enter a default judgment on the issue of liability against the defendants is granted, and those branches of the defendants' cross motion which were to extend their time to answer the complaint and pursuant to CPLR 3211(a)(7) to dismiss the cause of action to impose a constructive trust are denied.
In December 2016, the plaintiffs commenced this action against the defendants, Simon Gubner (hereinafter Gubner), 1225 50th Street Residence Trust (hereinafter the trust), and 1125 50th Street, LLC (hereinafter the LLC), asserting causes action to recover damages for wage violations under the Labor Law, unjust enrichment, and breach of contract, and to impose a constructive trust. The plaintiffs alleged that, for several years, they served as live-in home health aides for Eugene Gubner (hereinafter Eugene), the grandfather of the plaintiff Joel Rosenzweig, in exchange for a promise that, upon Eugene's death, they would receive title to the Brooklyn apartment where he lived, which allegedly was then held by the trust. The plaintiffs alleged that, rather than paying them wages, the defendants promised that the plaintiffs would be entitled to live in the apartment rent free during Eugene's lifetime and that they would receive title to the premises upon Eugene's death. The plaintiffs alleged that, in reliance upon the defendants' promises, they forwent substantial wages and spent considerable sums of their own money caring for Eugene and making improvements to the premises. The plaintiffs claimed that they rendered round-the-clock care to Eugene from approximately April 3, 2010, until March 30, 2013, without receiving any compensation. The plaintiffs alleged that they performed under the terms of the agreement and the defendants failed to transfer title to the apartment. The plaintiffs sought damages or, in the alternative, transfer of the premises to them.
On March 8, 2018, the plaintiffs moved for leave to enter a default judgment against the defendants upon their failure to appear or answer. The plaintiffs' motion was supported by, inter alia, the verified complaint and affidavits of service on each of the defendants. The affidavits of service demonstrate that the plaintiffs effectuated service on Gubner and the trust at a location in Israel, and on the LLC by service through the Secretary of State.
The defendants opposed the plaintiffs' motion and cross-moved, inter alia, to extend their time to answer the complaint or, in the alternative, pursuant to CPLR 3211(a)(7) to dismiss the complaint. In support of the cross motion, the defendants' attorney claimed that the defendants believed that the plaintiffs abandoned this action after the plaintiffs were evicted from the premises in a proceeding in housing court. The defendants submitted the affidavit of Norman Eisen, the sole managing member of the LLC, who stated in a conclusory manner that the LLC never received the summons and complaint. Eisen did not address the plaintiffs' service of the summons and complaint on the LLC through the Secretary of State. Eisen also averred: "I am in communication[ ]with Mr. Gubner and he advised me that he was never served with the Summons and Complaint." Gubner did not submit his own affidavit.
The Supreme Court denied the plaintiffs' motion and granted those branches of the defendants' cross motion which were to extend the defendants' time to answer the complaint and pursuant to CPLR 3211(a)(7) to dismiss the cause of action to impose a constructive trust. The plaintiffs appeal.
Pursuant to CPLR 3215, a plaintiff moving for leave to enter a default judgment must file proof of: (1) service of the summons and the complaint, (2) the facts constituting the claim, and (3) default by the defendant (see CPLR 3215[f]; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). Since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71), when submitting proof of facts constituting a claim, a plaintiff need only "set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action" (Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636; see Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d 1125, 1126). "A verified complaint may be submitted instead of the affidavit when the complaint has been properly served" (Woodson v Mendon Leasing Corp., 100 NY2d at 70; see CPLR 3215[f]).
"To successfully oppose a facially adequate motion for leave to enter a default judgment . . . on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]). Likewise, a defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655).
Here, the plaintiffs established their entitlement to a default judgment against the defendants on the issue of liability. The defendants submitted proof that the defendants were served with the summons and complaint and defaulted in appearing or answering. Further, the allegations set forth in the verified complaint were sufficient to establish that the causes of action pleaded in the complaint were viable (see Woodson v Mendon Leasing Corp., 100 NY2d at 70-71).
In opposition to the plaintiffs' facially adequate motion for leave to enter a default judgment, the defendants failed to demonstrate a reasonable excuse for their default in failing to timely appear or answer the complaint (see Deutsche Bank Natl. Trust Co. v Amoah, 188 AD3d 647, 648). The defendants' assertion that they believed the plaintiffs had abandoned this action because they were evicted from the subject property does not constitute a reasonable excuse for their failure to timely answer or appear (see Westchester Med. Ctr. v ELRAC, Inc., 301 AD2d 518, 519). Eisen's conclusory denial of receipt of the summons and complaint failed to rebut the presumption of proper service created by the executed affidavit of service upon the Secretary of State (see Greenwood Realty Co. v Katz, 187 AD3d 1153, 1153). Eisen's claim that Gubner told him that he did not [*2]receive the summons and complaint was inadmissible hearsay (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1270). In view of the absence of a reasonable excuse, it is unnecessary to consider whether the defendants demonstrated the existence of a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825). Further, as the defendants failed to establish a reasonable excuse for their default, they were not entitled to an extension of time to answer (see Cumanet, LLC v Murad, 188 AD3d 1149, 1153).
Since that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) was made after the time to appear or answer had expired, the Supreme Court should have denied that branch of the motion as untimely (see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055).
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court