U.S. Bank N.A. v Simpson (2023 NY Slip Op 02703)

U.S. Bank N.A. v Simpson

2023 NY Slip Op 02703

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-00387
 (Index No. 1160/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Wayne Simpson, et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY (Austin Shufelt of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Brent M. Reitter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Wayne Simpson and Maurita Simpson appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), entered October 21, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated October 9, 2019, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Wayne Simpson and Maurita Simpson and for a judgment of foreclosure and sale, among other things, directed the sale of the subject property. The notice of appeal from the order dated October 9, 2019, is deemed to be a notice of appeal from the order and judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Wayne Simpson and Maurita Simpson and for a judgment of foreclosure and sale are denied, and the order dated October 9, 2019, is modified accordingly.
On January 16, 2014, the plaintiff commenced this action against the defendants Wayne Simpson and Maurita Simpson (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property in Wheatley Heights. The defendants failed to appear or answer the complaint.
In or around December 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for a judgment of foreclosure and sale. The defendants opposed the motion.
In an order dated October 9, 2019, the Supreme Court granted the plaintiff's motion. The court also issued an order and judgment of foreclosure and sale, which was entered on October 21, 2019. The defendants appeal.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting [*2]defendant's failure to answer or appear" (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see CPLR 3215[f]; Deutsche Bank Natl. Trust Co. v Amoah, 188 AD3d 647, 648; Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient evidence to enable a court to determine if the cause of action is viable, since 'defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d at 1141, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899-900). "Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 900; HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776).
Here, in support of its motion, the plaintiff submitted, among other things, the affidavit of Carol Sue Laxner, a vice president of Ocwen Loan Servicing, LLC (hereinafter Ocwen), the plaintiff's loan servicer. Laxner averred, based on her review of the business records relating to the servicing of the subject mortgage loan, that the defendants' last payment under the note and mortgage was applied to the installment due for August 1, 2008, and that the defendants were, therefore, in default. However, Laxner did not annex to the affidavit the business records upon which she relied. In opposition to the motion, the defendants did not contest the authority of Laxner to act on behalf of the plaintiff (cf. HSBC Bank USA, N.A. v Cooper, 157 AD3d at 776; HSBC Bank USA, N.A. v Betts, 67 AD3d at 736), but argued that the affidavit was of no probative value. In reply, the plaintiff asserted that the Laxner affidavit was admissible and that it provided competent evidence of, inter alia, the defendants' default.
On appeal, the defendants contend that since the business records upon which Laxner relied were not attached to her affidavit, the assertions set forth therein constituted inadmissible hearsay. The plaintiff asserts that this issue is properly raised and reiterates the arguments that it made in reply in the Supreme Court that the affidavit constituted admissible evidence. Thus, we assume without deciding that the defendants' arguments in opposition to the plaintiff's motion were sufficient to call into question the admissibility of the Laxner affidavit on the ground that it constituted inadmissible hearsay because the business records were not attached thereto (cf. Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54).
Laxner asserted that her affidavit was based upon her review of certain business records, but those records were not attached to her affidavit. In the absence of the business records upon which she relied, Laxner's factual assertions based upon those records constituted inadmissible hearsay, and her affidavit was insufficient to demonstrate proof of the facts constituting the claim (see CPLR 3215[f]; 799 Crown St., LLC v Leblanc, 203 AD3d 1117, 1119; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633).
The defendants' remaining contentions either are without merit, are improperly raised for the first time on appeal or in their reply brief, or need not be reached in view of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for a judgment of foreclosure and sale.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court