Hassan v Juares (2024 NY Slip Op 51038(U))

[*1]

Hassan v Juares

2024 NY Slip Op 51038(U)

Decided on August 12, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
Supreme Court, Kings County

Ahmed Nagi Hassan, Plaintiff,

against
Deferrari Ramiro Bartol Ogonzalz Juares, Defendant.

Index No. 360/2023

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on September 28, 2023, under motion sequence number two, by Ahmed Nagi Hassan (hereinafter plaintiff) for an order pursuant to CPLR 3215 (a) granting default judgment against an individual named Deferrari Ramiro Ibartolo Gonzalz.
The motion is unopposed.
-Notice of motion
-Affidavit in support
-Exhibit A
-Affidavit of service
BACKGROUND
On May 23, 2023, the plaintiff, proceeding pro se, commenced the instant action by filing a summons with notice with the Kings County Clerk's office (KCCO). The summons with notice named only one defendant, namely, Deferrari Ramiro Bartol Ogonzalz Juares.[FN1]

The plaintiff filed two affidavits of service with the KCCO. The first affidavit of service was filed on June 22, 2023. The second affidavit of service was filed on September 13, 2023. There is also a third document included within the hard copy motion papers denominated as an affidavit of service.[FN2]
The defendant did not interpose an answer.
The summons with notice alleges property damage and seeks judgment in the amount of $39,000.
MOTION PAPERS
The plaintiff's motion papers consist of a notice of motion, an affidavit in support, an annexed exhibit A,[FN3]
and three documents denominated as affidavits of service. The first affidavit of service filed on June 22, 2023, has a service date of May 23, 2023, and is sworn on June 20, 2023 (hereinafter, the first affidavit of service). The second affidavit of service filed on September 13, 2023, has a service date of May 23, 2023, and is sworn on September 13, 2023 (hereinafter, the second affidavit of service). The third denominated as an affidavit of service has a service date of September 27, 2023, and is sworn on September 27, 2023 (hereinafter, the third affidavit of service). However, the third affidavit of service is not an affidavit of service of the summons with notice; instead, it is an affidavit of service of an affidavit of service.
LAW AND APPLICATION
Plaintiff seeks leave to enter a default judgment against the defendants based on their failure to appear or interpose an answer to the summons with notice pursuant to CPLR 3215, which provides in pertinent part as follows:
"(a) Default and entry. When a defendant has failed to appear, plead, or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him . . .
(f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint ... and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party ... Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney."
On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to "submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default" in answering or appearing (Katz v Blau, 173 AD3d 987, 988 [2d Dept 2019], citing Atlantic Cas. Ins. Co. v RJNJ Services, Inc., 89 AD3d 649, 651 [2d Dept 2011]; CPLR 3215 [f]). "CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim . . . are to be set forth in an affidavit made by the party" (U.S. Bank N.A. v Simpson, 216 AD3d 1043, 1044-45 [2d Dept 2023], citing HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2d Dept 2009]).
Service upon a natural person is governed by CPLR 308, which sets forth two methods of service upon a natural person. CPLR 308 § § (1) and (2) provide as follows:
"Personal service upon a natural person shall be made by any of the following methods:
1. by delivering the summons within the state to the person to be served; or
2. by delivering the summons within the state to a person of suitable age and discretion at [*2]the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision [a] of section two hundred thirty-two of the domestic relations law."
"Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [2d Dept 2015], quoting Estate of Waterman v Jones, 46 AD3d 63, 65 [2d Dept 2007], quoting Macchia v Russo, 67 NY2d 592, 594 [1986]). "CPLR 308 sets forth the different ways in which service of process upon an individual can be effected in order for the court to obtain jurisdiction over that person" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [2d Dept 2015]). "The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988 [2d Dept 2016]; Frankel v Schilling, 149 AD2d 657, 659 [2d Dept 1986]). "[T]he failure to serve process in an action leaves the court without personal jurisdiction . . . and all subsequent proceedings are thereby rendered null and void" (McMullen v Arnone, 79 AD2d 496, 499 [2d Dept 1981]; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889 [2d Dept 2009]). Here, the plaintiff attempted service pursuant to CPLR 308 (1), which allows service of the summons with notice to the person to be served directly.
Elements of a proper affidavit of service are set forth in CPLR 306. CPLR 306 § § (a) and (b), governing proof of service, provide in pertinent part as follows:
"(a) Generally. Proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner.
(b) Personal service. Whenever service is made pursuant to this article by delivery of the summons to an individual, proof of service shall also include, in addition to any other requirement, a description of the person to whom it was so delivered, including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features."
CPLR 306 (a) indicates that an affidavit of service shall contain the following information. It shall contain facts indicating that service was conducted by an authorized individual and in an authorized manner, papers served, name of the defendant being served, date, time, and address of service. In the event there is no address, the affidavit of service must include place and manner of service. CLPR 306 (b) indicates that an affidavit of service should [*3]also include a description of the individual to whom it was so delivered. The description should include, but it is not limited to, sex, skin color, hair color, and approximate age, weight, and height.
Here, the plaintiff filed two documents denominated as affidavits of service. The first affidavit of service does not indicate what papers were served, time, or address of service. In the event there is not address included in the affidavit of service, the affidavit of service shall indicate place and manner of service (see CPLR 306 [a]). In addition, the affidavit of service does not include a description of the individual served. Further, the affidavit of service reflects service on an individual named, Deferrari Ramiro Bartolo Gonzalez Juares; in fact, this individual is not a named defendant in the summons with notice. The only named defendant in this matter is Deferrari Ramiro Bartol Ogonzalz Juares, whose name does not match the name in the first affidavit of service. As such, the affidavit of service is defective. Consequently, the plaintiff cannot establish personal jurisdiction over defendant, Deferrari Ramiro Bartol Ogonzalz Juares, and may not obtain a default judgment against the defendant.
The second affidavit of service indicates that plaintiff served the summons with notice. However, it does not provide, the time of service and a description of the individual to whom it was delivered. Additionally, the affidavit of service reflects service on an individual named, Deferrari Ramiro Bartolo Gonzalez; in fact, this individual is not a named defendant in the summons with notice. The only named defendant in this matter is Deferrari Ramiro Bartol Ogonzalz Juares, whose name does not match the name in this affidavit of service. Therefore, the defendant, Deferrari Ramiro Bartol Ogonzalz Juares, was not properly served with the summons with notice. The plaintiff cannot establish personal jurisdiction over defendant, Deferrari Ramiro Bartol Ogonzalz Juares, and may not obtain a default judgment against the defendant.
As discussed above, the third affirmation of service was an affidavit of service of an affidavit of service and not the summons with notice. Therefore, it is not being considered as proof of service.
Although a default judgment also requires proof of the facts constituting its claim, and proof of the defaulting party's default, the Court does not reach these issues.
CONCLUSION
The motion by plaintiff Ahmed Nagi Hassan for an order pursuant to CPLR 3215 granting leave to enter a default judgment against defendant, Deferrari Ramiro Bartol Ogonzalz Juares, is denied. The Court lacks jurisdiction over this matter.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:The summons with notice filed on May 23, 2023, identifies the defendant as Deferrari Ramiro Bartol Ogonzalz Juares. However, the notice of motion identifies the defendant as Deferrari Ramiro Ibartolo Gonzalez.

Footnote 2:The third affidavit of service indicates that the process server served a copy of an affidavit of service. It is unclear from the hard copy submission when this was filed. However, since this is an affidavit of service of an affidavit of service, the Court will disregard it as proof of service of the summons with notice. 

Footnote 3:Exhibit A is a handwritten sworn statement dated September 28, 2023.