Gold v Wallace (2024 NY Slip Op 04376)

Gold v Wallace

2024 NY Slip Op 04376

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05097
 (Index No. 510027/21)

[*1]Michael Gold, et al., appellants, 
v
Collette Wallace, etc., et al., defendants, Ernest Wilson, etc., respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.

DECISION & ORDER
In an action for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated May 19, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Ernest Wilson and granted that branch of the cross-motion of the defendants Ernest Wilson and Collette Wallace which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Ernest Wilson.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Ernest Wilson is granted, and that branch of the cross-motion of the defendants Ernest Wilson and Collette Wallace which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Ernest Wilson is denied.
In 2021, the plaintiffs commenced this action against, among others, the defendant Ernest Wilson for a judgment declaring that the plaintiff is entitled to the return of the deposit on a contract of sale of real property, which did not close, and the fees and costs incurred. In June 2021, the plaintiffs served Wilson at his law office by delivering a copy of the summons and complaint with a "Jane Doe," described in the process server's affidavit and identified therein as Wilson's "office manager." In November 2021, since no answer had been interposed by any of the defendants and the defendants did not otherwise appear in the action, the plaintiffs moved for leave to enter a default judgment. As relevant to this appeal, Wilson and the defendant Collette Wallace (hereinafter together the defendants) opposed the motion and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction based on alleged deficiencies in the service of the summons and complaint.
By order dated May 19, 2022, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against Wilson and granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Wilson. The plaintiffs appeal.
CPLR 308(2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion [*2]at the actual place of business . . . of the person to be served and by . . . mailing the summons to the person to be served at his or her actual place of business" (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966). "CPLR 308(2) does not require that the person accepting service be 'authorized' to accept service on [a defendant's] behalf, [or] be employed by him [or her]" (Carpio v Morris, 223 AD3d 781, 783). "A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186).
Here, the plaintiffs' process server averred that he served Wilson by delivering the summons and complaint to an office manager at Wilson's office and mailing the summons and complaint to Wilson at his office the next day. The plaintiffs thereby established their prima facie case as to proper service, giving rise to a presumption of proper service. In opposition, Wilson's conclusory denial of service failed to rebut the presumption of proper service established by the process server's affidavit of service, and the Supreme Court should have denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Wilson for lack of personal jurisdiction (see Carpio v Morris, 223 AD3d at 783).
"Pursuant to CPLR 3215, a plaintiff moving for leave to enter a default judgment must file proof of: (1) service of the summons and the complaint, (2) the facts constituting the claim, and (3) default by the defendant" (Rosenzweig v Gubner, 194 AD3d 1086, 1088). "To successfully oppose [a] facially adequate motion for leave to enter a default judgment based on their failure to appear or timely serve an answer, the defendants [must] demonstrate a reasonable excuse for their default and the existence of a potentially meritorious defense to the action" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729).
Here, in support of that branch of their motion which was for leave to enter a default judgment against Wilson, the plaintiffs submitted the affidavit of service with respect to Wilson. The plaintiffs also attached affirmations of both plaintiffs setting forth the facts constituting the claim. Supporting exhibits were attached to those affirmations, including, inter alia, the contract of sale, which recited the receipt by Wilson of the contract deposit. Since Wilson failed to appear or answer the complaint, and offered no reasonable excuse or any potentially meritorious defense to the action, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against Wilson.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court