H.L. v Ollech (2025 NY Slip Op 04891)

H.L. v Ollech

2025 NY Slip Op 04891

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-07649
 (Index No. 509579/21)

[*1]H.L., etc., et al., respondents, 
v
Leo Ollech, appellant, et al., defendant.

Jacob S. Feinzeig, Brooklyn, NY, for appellant.
Jonathan E. Neuman, Fresh Meadows, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Leo Ollech appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated June 2, 2023. The order, insofar as appealed from, denied that defendant's cross-motion for leave to enter a default judgment against the plaintiffs on his amended counterclaims and granted that branch of the plaintiffs' motion which was pursuant to CPLR 3024(b) to strike certain allegations from that defendant's amended counterclaims.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3024(b) to strike certain allegations from the amended counterclaims of the defendant Leo Ollech is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross-motion of the defendant Leo Ollech for leave to enter a default judgment against the plaintiffs on his amended counterclaims is granted, and that branch of the plaintiffs' motion which was pursuant to CPLR 3024(b) to strike certain allegations from that defendant's amended counterclaims is denied.
In April 2021, the plaintiffs commenced this action against the defendant Leo Ollech (hereinafter the defendant), and another defendant, alleging, inter alia, that the defendant had improperly touched the infant plaintiff during an examination. In June 2021, the defendant served an answer with counterclaims, alleging, among other things, libel and slander. The plaintiffs then moved to dismiss the counterclaims. In August 2021, the defendant served an amended answer with amended counterclaims. The plaintiffs did not reply to the amended counterclaims.
In July 2022, the plaintiffs moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended counterclaims and pursuant to CPLR 3024(b) to strike certain allegations from the amended counterclaims. In September 2022, the defendant cross-moved for leave to enter a default judgment against the plaintiffs for their failure to timely reply to the amended counterclaims. The plaintiffs opposed. In an order dated June 2, 2023, the Supreme Court, among other things, denied [*2]the defendant's cross-motion and granted that branch of the plaintiffs' motion which was pursuant to CPLR 3024(b) to strike certain allegations from the amended counterclaims. The defendant appeals.
"On a motion for leave to enter a default judgment, the movant must submit evidence of service of the pleading asserting the claim, evidence of the facts constituting the claim, and evidence of the default" (Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1588; see Rosenzweig v Gubner, 194 AD3d 1086, 1088; see also CPLR 3215[f]). "To successfully oppose the motion for leave to enter a default judgment based on the failure to timely serve a reply to the defendant['s] [amended] counterclaims, the plaintiffs were required to demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the counterclaims" (Timmerman v Gentile, 224 AD3d 862, 863; see Maurice v Maurice, 78 AD3d 792, 793).
Here, the plaintiffs did not reply to the amended counterclaims and instead filed the second motion, inter alia, to dismiss the amended counterclaims, which was untimely when filed (see Rosenzweig v Gubner, 194 AD3d at 1089-1090; see CPLR 3012[a]). The plaintiffs' excuse for their default—that they were confused by the stipulation procedure set forth in the part rules of the Supreme Court—was not reasonable (see Rudsky v Schechtman, 219 AD3d 1453, 1454; Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 672).
Because the plaintiffs failed to establish a reasonable excuse for their default, "'it is not necessary to determine whether [they] demonstrated the existence of a potentially meritorious'" defense to the amended counterclaims (Rajaram v Singh, 230 AD3d 809, 811, quoting Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 960; see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027).
Accordingly, the Supreme Court should have granted the defendant's cross-motion for leave to enter a default judgment against the plaintiffs on his amended counterclaims and denied that branch of the plaintiffs' motion which was pursuant to CPLR 3024(b) to strike certain allegations from the defendant's amended counterclaims.
The parties' remaining contentions are either academic in light of our determination or without merit.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court