PNC Bank, Natl. Assn. v Rosner (2026 NY Slip Op 01080)

PNC Bank, Natl. Assn. v Rosner

2026 NY Slip Op 01080

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07066
 (Index No. 515750/19)

[*1]PNC Bank, National Association, appellant,
vHersh Rosner, et al., respondents, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Christopher E. Medina of counsel), for appellant.
Berg & David PLLC, Inwood, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 20, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Hersh Rosner and Raizy Rosner and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 14, 2005, the defendant Hersh Rosner executed a home equity line of credit agreement establishing an initial line of credit in the amount $200,000 with nonparty National City Bank (hereinafter National City). The line of credit was secured by a mortgage on certain real property located in Brooklyn. The mortgage was signed by both Hersh Rosner and the defendant Raizy Rosner (hereinafter together the defendants).
By summons and unverified complaint dated July 15, 2019, the plaintiff commenced the instant action to foreclose the mortgage against the defendants, among others. The defendants failed to answer the complaint. On August 24, 2023, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit of Jason D. Holstein, an assistant vice president of the plaintiff. In an order dated December 20, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
"'Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party'" (HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776 [emphasis omitted], quoting HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). However, under those circumstances, an affidavit is "insufficient to demonstrate proof of the facts constituting the claim and the amount due" where it is based on inadmissible hearsay (JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d 790, 793; see U.S. Bank N.A. v Simpson, 216 AD3d 1043, 1045).
Here, in opposition to the plaintiff's motion, the defendants were entitled to rely on the facial deficiencies in the plaintiff's motion and, therefore, were not required to demonstrate a reasonable excuse for their default and a potentially meritorious cause of action (see JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d at 793-794; cf. Rosenzweig v Gubner, 194 AD3d 1086, 1089). The plaintiff, and Holstein's affidavit in particular, failed to adequately identify the records relied upon to assert a default in payment, and the records attached to Holstein's affidavit were otherwise insufficient to establish the defendants' alleged default in payment (see Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 708; Urban Equity Partners, LLC v Aribisala, 143 AD3d 887, 888).
Furthermore, the business records upon which the plaintiff relied to establish that the defendants had actually drawn on their line of credit were apparently created by National City, and the plaintiff did not establish personal knowledge of National City's record keeping practices and procedures or that National City's records were provided to the plaintiff and incorporated into the plaintiff's own records or that the plaintiff routinely relied on such records in its business (see Ventures Trust 2013-1-H-R by MCM Capital Partners, LLC v Zaks, 184 AD3d 697, 699). Moreover, the plaintiff did not submit evidence of its purported merger with National City, nor did Holstein aver that he had personal knowledge of such merger (see id.). Thus, Holstein failed to lay the proper foundation for the admission of the records relied upon.
Accordingly, the affidavit relied upon by the plaintiff was insufficient to demonstrate proof of the facts constituting the claim and the amount due, and therefore, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference were properly denied.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court