Goode v Bespoke Motor Group, LLC

2026 NY Slip Op 02395

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kelvin Goode, appellant,

v

Bespoke Motor Group, LLC, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-04114, (Index No. 611081/23)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Donna-Marie E. Golia, JJ.

Kelvin Goode, Miami Beach, Florida, appellant pro se.

LaBonte Law Group, PLLC (Charles E. Holster III, Garden City, NY), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Philippe Solages, Jr., J.), entered April 16, 2024. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Bespoke Motor Group, LLC, and Bentley Long Island, LLC.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Bespoke Motor Group, LLC, and Bentley Long Island, LLC, is granted.

In July 2023, the plaintiff commenced this action, inter alia, to recover damages for breach of contract by filing a summons with notice against the defendants Bespoke Motor Group, LLC, and Bentley Long Island, LLC (hereinafter together the defendants), among others. According to the affidavits of service, the defendants were served by delivery of copies of the summons with notice to an individual who was identified as a "service consultant," who was authorized to receive service on behalf of the defendants. The defendants filed a notice of appearance and demand for a copy of the complaint on July 17, 2023. The plaintiff electronically filed the complaint on August 7, 2023. The defendants failed to timely answer the complaint. In September 2023, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. The defendants opposed the motion.

In an order entered April 16, 2024, the Supreme Court, inter alia, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. The plaintiff appeals.

"'On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default'" (Gray v Doyle, 170 AD3d 969, 970, quoting Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032; see CPLR 3215; Bachvarov v Khaimov, 224 AD3d 724, 725). "Service of process on a limited liability company may be made on, among others, 'any . . . agent authorized by appointment to receive process, or . . . any other person designated by the limited liability company to receive process'" (Nurse v Marion 502, LLC, 241 AD3d 1352, 1353, quoting CPLR 311-a[a][iii], [iv]). "In order to successfully oppose a motion for leave to enter a default judgment, a defendant who ha[d] failed to timely appear or answer the [*2]complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action" (Bachvarov v Khaimov, 224 AD3d at 725 [internal quotation marks omitted]; see Rosenzweig v Gubner, 194 AD3d 1086, 1089; L & Z Masonry Corp. v Mose, 167 AD3d 728, 729).

Here, the plaintiff established his entitlement to a default judgment against the defendants (see Bachvarov v Khaimov, 224 AD3d at 725; Rosenzweig v Gubner, 194 AD3d at 1089). The plaintiff submitted proof of service of the summons and complaint (see CPLR 311-a; Nurse v Marion 502, LLC, 241 AD3d at 1353), as well as proof of the defendants' default in answering. Moreover, the defendants correctly concede that the verified complaint contained a potentially meritorious claim (see Rosenzweig v Gubner, 194 AD3d at 1088-1089; Triangle Props. #2, LLC v Narang, 73 AD3d at 1032). In opposition, the defendants failed to demonstrate a reasonable excuse for their default in answering the complaint (see Pantanilla v Yuson, 237 AD3d 1213, 1215; Rosenzweig v Gubner, 194 AD3d at 1089). The defendants' contention that their default should be excused due to law office failure is improperly raised for the first time on appeal (see Pantanilla v Yuson, 237 AD3d at 1215). In light of the defendants' failure to establish a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense (see Rivas v Palacios, 238 AD3d 1186, 1187; Pantanilla v Yuson, 237 AD3d at 1215).

Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.

The defendants' remaining contentions are improperly raised for the first time on appeal.

IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court