Haimov v Haimov

2026 NY Slip Op 02633

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Geneta Haimov, appellant,

v

Izchak Haimov, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-05333, (Index No. 611301/22)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert I. Cohen and Charles Haviv of counsel), for appellant.

Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), entered April 11, 2024. The order denied the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant and granted the defendant's cross-motion to compel the plaintiff to accept his late answer.

ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant is granted, and the defendant's cross-motion to compel the plaintiff to accept his late answer is denied.

In September 2019, the plaintiff allegedly was injured when she tripped and fell on an allegedly raised, cracked, and uneven walkway in front of certain real property owned by the defendant. In August 2022, the plaintiff commenced this action. It is undisputed that the defendant did not timely answer the complaint. On June 8, 2023, the defendant served an answer, and on the same date, the plaintiff rejected the defendant's answer as untimely.

On August 1, 2023, the plaintiff moved for leave to enter a default judgment on the issue of liability against the defendant. The plaintiff's motion was supported by, inter alia, the complaint, an affidavit of merit from the plaintiff, an affidavit of service of the summons and complaint, the defendant's untimely answer, and the plaintiff's rejection of that answer. On September 26, 2023, the defendant opposed the plaintiff's motion and cross-moved to compel the plaintiff to accept his untimely answer. Among other things, the defendant's attorney contended that the defendant had a reasonable excuse for his default based upon the delay of his insurance company.

By order entered April 11, 2024, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant and granted the defendant's cross-motion to compel the plaintiff to accept his late answer. The plaintiff appeals.

CPLR 3215(a) provides that "[w]hen a defendant has failed to appear, plead or [*2]proceed to trial . . . the plaintiff may seek a default judgment against him [or her]" (see US Bank N.A. v Davis, 196 AD3d 530, 532). "On a motion for leave to enter a default judgment, an applicant must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the default" (Barbetta v NY Auto Find, Inc., 221 AD3d 851, 853; see CPLR 3215[f]; B & H Flooring, LLC v Folger, 228 AD3d 809, 813; Banks v 110-18 198th St. Corp., 205 AD3d 869, 869). "Since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them, when submitting proof of facts constituting a claim, a plaintiff need only set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action" (Rosenzweig v Gubner, 194 AD3d 1086, 1088 [citation and internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71).

"To successfully oppose a facially adequate motion for leave to enter a default judgment . . . on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]; see Rosenzweig v Gubner, 194 AD3d at 1089). Likewise, to compel the plaintiff to accept his untimely answer, the defendant was required to demonstrate both a reasonable excuse for the delay and a potentially meritorious defense to the action (see Goldstein v Ilaz, 206 AD3d 976, 976; Belches v City of New York, 191 AD3d 754, 755; U.S. Bank N.A. v Barr, 139 AD3d 937, 937).

Here, in opposition to the plaintiff's facially adequate motion for leave to enter a default judgment, the defendant failed to demonstrate a reasonable excuse for his default in failing to timely appear or answer the complaint (see Rosenzweig v Gubner, 194 AD3d at 1089). The defendant did not submit his own affidavit explaining the reason for the delay, and the defendant's attorney lacked personal knowledge of the delays allegedly occasioned by the defendant's insurance carrier (see Goldstein v Ilaz, 206 AD3d at 977; Rochdale Ins. Co. v Fairview Nursing Care Ctr., Inc., 186 AD3d 1425, 1425; Sargsyan v Kaieteur Constr., Inc., 171 AD3d 826, 827). Although the defendant also submitted the affidavit of Michael Dubyk, a senior claims adjuster at A.G. Risk Management who was assigned to handle the insurance claim in this matter, Dubyk lacked personal knowledge of the lengthy delay prior to April 21, 2023. Further, the defendant provided no reasonable excuse for his more than three-month delay in moving to compel the plaintiff to accept his late answer after it was rejected by the plaintiff as untimely (see Sargsyan v Kaieteur Constr., Inc., 171 AD3d at 827). The absence of a reasonable excuse for the defendant's default renders it unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (see Goldstein v Ilaz, 206 AD3d at 977; Sargsyan v Kaieteur Constr., Inc., 171 AD3d at 827).

Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's cross-motion to compel the plaintiff to accept his late answer and denying the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court